## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Israel and Patricia Garcia | ) | No. 08 B 26881 |
| | ) | |
| Debtors. | ) | Hon. Bruce W. Black  (Joliet) |

TO:   See Attached Service List

    PLEASE TAKE NOTICE that on the 12th day of February 2010 at the hour of 10:00 a.m., or as soon thereafter as counsel may be heard, a hearing on the attached **Motion,** will be heard before The Honorable Bruce W. Black, U.S. Bankruptcy Judge in Room 201 of the Will County Court Annex Building at 57 North Ottawa Street in Joliet, Illinois 60432, or before any other Bankruptcy Judge sitting in his place and stead.

    AT WHICH TIME AND PLACE YOU MAY APPEAR IF YOU SEE FIT.

Mark R. Schottler, #6238871
10 S. LaSalle, Suite 1130
Chicago, Illinois 60603
(312) 236-7200

## **CERTIFICATE OF SERVICE**

    I, Mark R. Schottler, an attorney, certify that a copy of this combined Notice and Motion was (indicated on the attached service list) caused to be electronically transmitted or was mailed to the above parties, at their respective addresses, postage pre-paid, by depositing same in the U.S. mail at 10 S. LaSalle, Chicago, Illinois, before 5:00 p.m. on January 28, 2010.

/s/ Mark R. Schottler

**Service List**

*via electronic transmission*

Office of Glenn B. Stearns
mcguckin_m@lisle13.com
4343 N. Commerce Ct. Suite 120
Lisle, IL 60532

*via US MAIL*

CitiMortgage Inc.
NTSB 1800
6801 Colwell Blvd.
Irving, TX 75039

CitiMortgage Inc.
Attn: Pearl Ilonwa, Bankruptcy Specialist
PO BOX 790022
St. Louis, MO 63179

Beneficial Finance
Attention: Kathy Gutierrez
961 Weigel Drive
Elmhurst, IL 60126

Beneficial Finance
Attention: Sharon Mintalar, Bankruptcy Specialist
961 Weigel Drive
Elmhurst, IL 60126

```
Mr. and Mrs. Garcia
26462 W. Old Farm Trail
Channahon, IL 60410
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Israel and Patricia Garcia | ) | No. 08 B 26881 |
| | ) | |
| Debtors. | ) | Hon. Bruce W. Black  (Joliet) |

**DEBTORS' MOTION FOR AUTHORITY**
**ENTER INTO A LOAN MODIFICATION AGREEMENT**

Israel and Patricia Garcia ("Debtors"), by and through their attorney, Mark R. Schottler and the law firm of Schottler & Associates, move this Court for an order permitting Debtors to modify the loan of CitiMortgage Inc.  In support of this motion Debtors state the following:

1.    On or about November 3, 2008, Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

2.    Debtors' Chapter 13 Plan of Reorganization was confirmed by this Court on or about December 19, 2008.

3.    Debtors are owners of real property commonly known as 26462 West Old Farm Trail, Channahon, IL 60410.  This real property is secured by the mortgages of CitiMortgage Inc. and Beneficial Finance.

4.    Debtors have been approved for the Home Affordable Modification Trial Period Plan Loan Modification.  The first three months of trial period payments reduce the Debtors' mortgage payments from $2,265.69 to $1,899.75 per month.  Please see copies of the Making Home Affordable Modification documents from CitiMortgage Inc., attached hereto as "Exhibit A".

5.    CitiMortgage will not finalize the Loan Modification without approval from this

court to do so. Debtors are seeking Court Approval for CitiMortgage Inc. to finalize their Home Affordable Loan Modification.

6. This motion has been served on all creditors and parties in interest.

WHEREFORE, Debtors request that this Court enter an Order allowing CitiMortgage to finalize the Debtors' loan modification and for all other relief that is just and proper in the premises.

Respectfully Submitted,

**Israel and Patricia Garcia, Debtors.**


By: __/s/ Mark R. Schottler_____
       One of Their Attorneys


Mark R. Schottler #6238871
Schottler & Associates
10 S. LaSalle St., Suite 1130
Chicago, Illinois 60603
(312) 236-7200

**HELPING YOU STAY IN YOUR HOME.**


MAKING HOME AFFORDABLE

*You may be able to make your payments more affordable.*
*Act now to get the help you need!*



January 4, 2010

Ricardo Orozco
Patricia Garcia
26462 W Old Farm Trl
Chicago IL 60603-1087

Loan #: XXXXXXXX
Property Address: 26462 West Old Farm Trail
Channahon IL 60410

Dear Ricardo Orozco and Patricia Garcia:

You did it! By entering into a Home Affordable Modification Trial Period Plan you have taken the first step toward making your payment more affordable. We want to remind you that when you signed your Trial Period Plan, you agreed to work with a HUD-approved housing counseling agency. The service provided by the housing counseling agency is FREE. Counselors will work with you to create a household budget and develop an action plan to reduce your household debts. You can also count on your housing counselor to provide you with support during the loan modification process.

Your next step is to choose from the following housing counseling options:

A. Select a HUD approved housing counseling agency by going to this website address: http://www.hud.gov/offices/hsg/sfh/hcc/fc/. The available agencies are listed by state and can provide you with either in-person counseling or counseling by phone.

B. Or, select counseling by phone through the HOPE Hotline by calling 1-888-995-HOPE. This is an on-demand counseling service that is available 24-hours a day/7-days a week. The HOPE Hotline is available in Spanish or English (other languages are available on request).

Whichever option you select, the housing counseling services will be made available at NO COST TO YOU. Remember, it is **your responsibility** to contact one of these counseling agencies. It is also a requirement of your Trial Period Plan.

If you have questions about this requirement, please contact us at 1-866-413-4560.

Sincerely,

CitiMortgage Customer Service

The *Making Home Affordable* program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, we – your mortgage servicer – and the Federal Government are working to offer you options to help you stay in your home.

CRL-309-05-8

EXHIBIT A

161309 HMP Couns 1024

611593

# HELPING YOU STAY IN YOUR HOME.

You may be able to make your payments more affordable.
Act now to get the help you need!

Investor Loan #: ~~XXXXXXXXXXXX~~

## HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
(Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: 11/01/09
Borrower ("I")[1]: Ricardo Orozco
Lender ("Lender"): CitiMortgage, Inc.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 11/01/06
Loan Number: ~~XXXXXXXXXX~~
Property Address ("Property"): 26462 West Old Farm Trail
City: Channahon    State: IL    Zip: 60410

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Lender sign it and Lender provides me with a copy of this Plan with the Lender's signature.

1. **My Representations.** I certify, represent to Lender and agree:
   A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. I live in the Property as my principal residence, and the Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

Citi never sleeps



EXHIBIT A

611606    [1]If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.    FORM 3156

HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3156    3/09 (rev. 8/09) Non-GSE - CMI Non-Escrow rev. 09/01/09 (page 1 of 4 pages)    161309 S22 Non Escrow    1024

E.  Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F.  If Lender requires me to obtain credit counseling, I will do so.

2. **The Trial Period Plan.** On or before each of the following due dates, I will pay the Lender the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,899.75.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1* | $1,899.75 | 11/01/09 |
| 2 | $1,899.75 | 12/01/09 |
| 3 | $1,899.75 | 01/01/10 |
| 4 | NA | NA |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below. The actual payments under the modified loan terms, however, may be different.

**\*I understand that my first payment and this signed Trial Period Plan must be received by the Lender no later than 11/01/09 or I may not be accepted into the Home Affordable Modification Program.**

I agree that during the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A.  TIME IS OF THE ESSENCE under this Plan. This means I must make all payments on or before the days that they are due;

B.  Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action. All rights to such notices are hereby waived by me to the extent permitted by applicable law;

C.  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Lender may foreclose if I have not made each and every Trial Period Payment that is due through the end of the month preceding the month in which the foreclosure sale is scheduled to occur. If a foreclosure sale occurs pursuant to this Section 2.C., this Plan shall be deemed terminated;

D.  The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. I understand the Lender will not pay me interest on the amounts held in the account. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E.  When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F.  If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; (iii) the Lender determines that any of my representations in Section 1 were not true and correct as of the date I signed this Plan or are no longer true and correct at any time during the Trial Period; or (iv) I do not provide all information and documentation required by Lender, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and



EXHIBIT A

G. I understand that this Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that I do not qualify or if I fail to meet any one of the requirements under this Plan. If, under the Lender's procedures, a title endorsement(s) and/or subordination agreement(s) are required to ensure that the modified Loan Documents retain first lien position and are fully enforceable, I understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or to execute the Modification Agreement if the Lender has not received an acceptable title endorsement(s) and/or subordination agreement(s) from other lien holders, as Lender determines necessary.

3. **The Modification.** I understand that once Lender is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Lender will determine the new payment amount. If (1) my representations in Section 1 were and continue to be true in all material respects; (2) I comply with the requirements in Section 2; (3) I provide the Lender with all required information and documentation; and (4) the Lender determines that I qualify, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. The Modification Agreement will provide that, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the loan unless permitted by applicable State or Federal law, rules or regulations. This Plan shall terminate the day before the Modification Effective Date and the Loan Documents, as modified by a fully executed Modification Agreement, shall govern the terms between the Lender and me for the remaining term of the loan. Provided I make timely payments during the Trial Period and both the Lender and I execute the Modification Agreement, I understand that my first modified payment will be due on the Modification Effective Date (i.e., on the first day of the month following the month in which the last Trial Period Payment is due).

4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Plan (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   B. To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

   C. Intentionally blank

   D. That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

   E. That I will execute such other and further documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Plan; or (ii) correct the terms and conditions of this Plan if an error is discovered.

   F. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of this Trial Period Plan and the Modification Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

   G. That, as of the Trial Period Plan Effective Date, I understand that the Lender will only allow the transfer and assumption of this Trial Period Plan to a transferee of my property in the case of my death, divorce or marriage to the same extent as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. This Plan may not, under any other circumstances, be assigned to, or assumed by, a buyer or transferee of the Property.



EXHIBIT A

**LOAN WORKOUT PLAN**

H.  Notwithstanding anything herein to the contrary, if my final two Trial Period Payments are received by Servicer after the close of business on the 15th calendar day of the last month of the Trial Period but before the end of the Trial Period, I agree that the Trial Period shall be extended by one calendar month (the "Additional Trial Period"). I agree to abide by all terms and provisions of this Plan during the Additional Trial Period. In addition, I agree to make a Trial Period Payment in the amount of $1,899.75 no more than 30 days after the last due date listed in the chart in Section 2 above.

If the Loan Documents provide for the assessment of a penalty for full or partial prepayment of the Note, as of the Modification Effective Date, any provision in the Note, as amended, for the assessment of a penalty for full or partial prepayment of the Note shall be null and void.

In Witness Whereof, the Lender and I have executed this Plan.

CitiMortgage, Inc.  _____    _____
Lender                                                  Borrower

_____|_____|_____                                    _____|_____|_____
By                                                      Date

_____|_____|_____                                    _____
Date                                                    Borrower

                                                        _____|_____|_____
                                                        Date




©2009 CitiMortgage, Inc. CitiMortgage, Inc. does business as Citicorp Mortgage in NM. CitiMortgage, Inc. is an equal housing lender. Citi, Arc Design, and Citi and Arc Design are registered service marks of Citigroup Inc. Citi Never Sleeps is a service mark of Citigroup Inc.
This is an attempt to collect a debt and any information obtained will be used for that purpose.
The Making Home Affordable program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, Fannie Mae (the owner of your loan), your servicer, and the Federal Government are working to offer you options to help you stay in your home.

611608

HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3156   3/09 (rev. 8/09) Non-GSE - CMI Non-Escrow rev. 09/01/09 (page 4 of 4 pages)

161309  S22 Non Escrow 4  1024

EXHIBIT A